Brinkerhorr, C. J.
With a view to a decision of this case upon its real merits, and notwithstandiiig the exceptions which have been taken in argument, by counsel for defendants, to the phraseology of the questions resolved by the jury, we will consider the case as if the finding of the jury had brought it within the express terms of our statute of frauds; viz., that the sale and transfer of the stock of goods by James Bayliss to Bayliss and McLain, was “ made and obtained with intent to defraud creditors of their just and lawful debts.” The statute declares that such sales “shall be deemed utterly void and of no effect.” And yet nothing is better settled, than that this sweeping clause of the statute is necessarily subject to no inconsiderable limitations. Webb v. Brown, 3 Ohio St. 246. As between the parties to the sales, they are not void. Nor is it true, without qualification, that they are void as against creditors. They are void as against such creditors only as are able, by means of some kind of legal process, to fasten upon the property, or its proceeds, while in the hands of the fraudulent vendee. While the property or its proceeds are in the hands of the fraudulent vendee, the property may bo seized by process in favor of creditors, or if ho have not the property but its proceeds in his *hands, he is held, by operation of law, as a trustee, to the extent of its fair value, in favor of creditors who shall, by legal proceedings, assert their claim upon them, and will be compelled to a rigid account for such proceeds. But however fraudulent the original purchase may have been, if the vendee, before the rights of a creditor are in any way fixed by legal process or proceeding, honestly restore to the vendor, either the property itself or its iull and fair value—and a fortiori,, if, in addition to this, these fair proceeds are by the vendor applied to the payment of his honest debts— the vendee is exhonerated from further liability. To these principles the cases are full and clear. Webb v. Brown, supra; Swift and *441 Nichols v. Holdridge, 10 Ohio, 230; Thomas v. Goodwin, 12 Mass. 140; Lamb v. Stone, 11 Pick. 527.
In this case, the plaintiffs having commenced proceedings to charge Edwin Bayliss and McLain, as trustees of the fund in their hands, before the payment of the last two notes given by them for the purchase price of the goods, the latter would be compelled to .account to the plaintiffs for the value of the goods purchased, less the amount of the first note, which had been paid before the commencement of these proceedings, were it not for the fact that, before the commencement of these proceedings, the general assignment to Harsh, for the benefit of all the creditors, intervened.
A copy of the assignment to Harsh is not in the case, nor are we otherwise informed of its exact terms; but in the agreed statement of facts it is said to have been “ a general assignment of the last two notes, together with all his other notes and accounts and other property, except his household property and the first note given him by McLain and Bayliss.” Now the said “first note” was discounted and went toward the payment of debts; and we are not .authorized to presume, in the absence of both allegation and proof, that the reservation óf “household property” included anything more *than what was by law exempt from execution. We conclude, therefore, that the assignment to Harsh was what the agreed statement calls it, “a general assignment” of all his property, for the benefit of all his creditors. If so, the legal title of the general assignee, and the equal equities of the creditors at large, attached to the fund in the hands of the fraudulent vendees, and so precluded any individual creditor from obtaining, after the general assignment, a special lien upon, or a preference over others in the distribution of, such fund; and when Edwin Bayliss and McLain paid to the general assignee the balance of the full value of their fraudulent purchase, as it is conceded they did, we think, they were exonerated from any further responsibility in the premises.
This view of the case relievos us from the necessity of passing upon the effect of the receipt by the plaintiffs of their proper distributive share under the general assignment.
. Motion overruled, and petition dismissed at the plaintiffs’ costs, its to Edwin Bayliss and John E. McLain.
Scott Sutlifp. Peck, and Gholson, JJ., concurred.